GARY M. RESTAINO
United States Attorney
District of Arizona

GLENN B. McCORMICK
Arizona State Bar No. 013288
Email: glenn.mccormick@usdoj.gov
ALANNA KENNEDY
Arizona State Bar No. 034257
Email: Alanna.Kennedy@usdoj.gov
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Attorneys for Plaintiff

```
   X  FILED        ___ LODGED
   ___ RECEIVED    ___ COPY

       SEP 0 6 2022

   CLERK U S DISTRICT COURT
      DISTRICT OF ARIZONA
   BY _____ DEPUTY
```

**REDACTED FOR
PUBLIC DISCLOSURE**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.   CR-22-01145-PHX-DJH (JZB) |
| Plaintiff, | |
| v. | **I N D I C T M E N T** |
| | VIO:   18 U.S.C. §§ 371 and 554(a) (Conspiracy to Smuggle Goods from the United States) Count 1 |
| 1.  Jaime Gaxiola, Jr., aka "Pepe El Toro," (Counts 1-2, 5-10) | |
| and | 18 U.S.C. §§ 371 and 922(a)(6) (Conspiracy to Make False Statements in Acquisition of Firearms) Count 2 |
| 2.  Jose Serafin-Perez (Counts 1-5) | 18 U.S.C. § 922(a)(6) and 924(a)(2) (False Statements in Acquisition of Firearms) Counts 3-4, 6-10 |
| Defendants. | 18 U.S.C. § 922(a)(6), 924(a)(2), and 2 (False Statements in Acquisition of Firearms and Aid and Abet) Counts 5 |
| | Title 18 U.S.C. §§ 924(d) and 981, Title 21, U.S.C. § 853, and Title 28, USC § 2461(c) (Forfeiture Allegations) |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

## INTRODUCTION

1.      At all relevant times, that is up to March 9, 2020, export of certain arms, munitions, implements of war, and defense articles, were regulated by the United States pursuant to the Arms Export Control Act, Title 22, United States Code, § 2778 ("AECA").

2.      The regulations that governed such exports were entitled the International Traffic in Arms Regulations, Title 22 Code of Federal Regulation, §§ 120-130 ("ITAR"). The ITAR implemented the provision of the AECA and established the framework for regulating the export of defense articles. The Department of State, Directorate of Defense Trade Control ("DDTC") was responsible for administering the ITAR.

3.      The ITAR contained the United States Munitions List, Title 22 Code of Federal Regulation, § 121.1 ("USML"). Items and services listed in the USML were deemed "defense articles" and "defense services," and are subject to the ITAR. The USML set forth twenty-one categories of defense articles that are subject to export licensing controls by DDTC, ranging from firearms parts to military equipment to missiles. 22 CFR § 121.1.

4.      Pursuant to the ITAR, "[n]o person may knowingly or willfully attempt, solicit, cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by, or the omission of any act required by 22 U.S.C. § 2778, 22 U.S.C. § 2779, or any regulation, license, approval, or order issued thereunder." 22 C.F.R. § 127.1(e).

5.      The ITAR defined an "export" as, among other things, the sending or taking of a defense article out of the United States in any manner. Unless an exemption applied, the AECA and the ITAR prohibited all defense articles or defense services from being exported from the United States without a license from the DDTC. 22 U.S.C. § 2778(b)(2); 22 C.F.R. § 123.1.

- 2 -

6.    The category of USML relevant herein is Category I(a) which included "[n]on-automatic and semi-automatic firearms to .50 caliber inclusive (12.7mm)," within which the following firearms are included: Colt M4, Colt .223/5.56, Delton .223/5.56, and Century Arms RAS47.

7.    Federal Firearms Licensees (FFLs) JAJ, and SS were businesses licensed under the provisions of Chapter 44 of Title 18, United States Code. As such, the provisions of Chapter 44 of Title 18 required FFLs JAJ, and SS to maintain certain records of firearms transactions, including Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473, Firearms Transaction Record. Form 4473 requires a firearms purchaser truthfully to provide certain information, including whether the person making the purchase is the true purchaser of the firearm.

## COUNT 1

8.    The allegations in Introduction paragraphs 1-6 are incorporated as though fully set forth herein.

9.    Beginning on or before May 13, 2016, and continuing to on or about February 16, 2018, in the District of Arizona and elsewhere, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" and JOSE SERAFIN-PEREZ, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to commit offenses against the United States, that is: (1) to knowingly export and send from the United States, and attempt to export and send from the United States, any merchandise, article, and object, contrary to any law and regulation of the United States, and (2) to receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise, article and object, knowing the same to be intended for exportation contrary to any law and regulation of the United States, specifically the AECA, Title 22, United States Code, § 2778 and the ITAR 22 C.F.R. §§ 120-130, all in violation of Title 18, United States Code, Section 554(a).

- 3 -

10. All in violation of Title 18, United States Code, Section 371.

Overt Acts

11. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant and others performed and caused to be performed, among others, the following overt acts:

12. On or about November 29, 2017, and November 30, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO", purchased three firearms on three occasions from FFLs JAJ, and SS, as charged in Counts 6-8 below, and during the course of those purchases falsely represented that he was the actual purchaser of the firearms.

13. On or about November 29, 2017, and November 30, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO", placed two of the three firearms he had purchased on November 29, 2017, and November 30, 2017, at a residence in San Luis, Arizona, and those firearms were later picked up by others and taken to Mexico. JAIME GAXIOLA, JR., AKA "PEPE EL TORO," took the third firearm to Mexico himself.

14. On or about November 29, 2017, and December 4, 2017, JOSE SERAFIN-PEREZ was driven by another person to FFL JAJ where JOSE SERAFIN-PEREZ purchased three firearms on two occasions, having provided false information on form 4473, as charged in counts 3-4 below. Thereafter, JOSE SERAFIN-PEREZ and the other person delivered the firearms to another person in Mexico.

15. On or about December 6, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" took JOSE SERAFIN-PEREZ to FFL SS for the express purpose to aid and abet JOSE SERAFIN-PEREZ to purchase a firearm for others, as charged in Count 5 below.

16. On or about December 6, 2017, JOSE SERAFIN-PEREZ, upon being driven to FFL SS by JAIME GAXIOLA, JR., AKA "PEPE EL TORO," did purchase a firearm from FFL SS, having provided false information on form 4473, as charged in Count 5 below.

- 4 -

17. On or about December 6, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" drove JOSE SERAFIN-PEREZ from Yuma, Arizona to San Luis Rio Colorado, Sonora, Mexico, where JOSE SERAFIN-PEREZ delivered the firearm to another person.

## COUNT 2

18. The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

19. Beginning on or before November 29, 2017, and continuing to on or about January 9, 2018, in the District of Arizona and elsewhere, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" and JOSE SERAFIN-PEREZ, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the grand jury, to knowingly make false statements and representations on ATF Form 4473 in connection with the purchase of firearms from FFLs, which statements were intended and likely to deceive the FFLs, as to facts material to the lawfulness of such sales of the said firearms under chapter 44 of Title 18, in that JAIME GAXIOLA, JR., AKA "PEPE EL TORO" and JOSE SERAFIN-PEREZ represented that they were the true purchasers of said firearms, when in truth and in fact, they were buying the firearms for others, in violation of Title 18, United States Code, Sections 922(a)(6).

20. All in violation of Title 18 United States Code, Section 371.

Overt Acts

21. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant and others performed and caused to be performed, among others, the following overt acts:

22. Between November 29, 2017, and December 4, 2017, JOSE SERAFIN-PEREZ purchased three firearms on two occasions from FFL JAJ, and during the course of those purchases falsely represented on forms 4473 that he was the actual purchaser of the firearms and provided a false address, as charged in Counts 3-4 below.

- 5 -

23   On or about December 6, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" took JOSE SERAFIN-PEREZ to FFL SS for the express purpose to aid and abet JOSE SERAFIN-PEREZ to purchase a firearm for others using false information on form 4473, as charged in Count 5 below.

24   On or about December 6, 2017, JOSE SERAFIN-PEREZ, upon being driven to FFL SS by JAIME GAXIOLA, JR., AKA "PEPE EL TORO," did purchase a firearm from FFL SS, having provided false information on form 4473, as charged in Count 5 below.

25   On or about November 29, 2017, and November 30, 2017, JAIME GAXIOLA, JR., AKA "PEPE EL TORO", purchased three firearms on three occasions from FFLs JAJ, and SS, as charged in Counts 6-8 below, and during the course of those purchases falsely represented that he was the actual purchaser of the firearms.

26   On or about January 9, 2018, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" purchased a firearm at FFL JAJ and another as FFL SS, and during the course of those purchases falsely represented on forms 4473 that he was the actual purchaser of the firearms, as charged in Counts 9-10 below.

## COUNTS 3-4

27.   The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

28.   On or about the dates set forth in each count below, in the District of Arizona, JOSE SERAFIN-PEREZ knowingly made false statements and representations, on ATF Form 4473, in connection with the purchase of the firearms listed in each count below, from the FFLs listed in each count below, which statements were intended and likely to deceive the FFLs, as to a fact material to the lawfulness of such sale of the listed firearms under chapter 44 of Title 18, in that JOSE SERAFIN-PEREZ, represented that he was the

- 6 -

true purchaser of said firearms, when in truth and in fact, he were buying the firearms on behalf of others, and provided a false address.

| Count | Date | FFL | Firearm(s) |
|-------|------|-----|-----------|
| 3 | November 29, 2017 | JAJ | Delton .223/5.56 Serial Number DTI-S126643 and Colt .223/5.56 Serial Number LE557538 |
| 4 | December 4, 2017 | JAJ | Colt .223/5.56 Serial Number LE578426 |

29.    In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT 5

30.    The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

31.    On or about December 6, 2017, in the District of Arizona, JAIME GAXIOLA, JR., AKA "PEPE EL TORO" and JOSE SERAFIN-PEREZ, each aiding and abetting the other, knowingly made false statements and representations, on ATF Form 4473, in connection with the purchase of a Colt .556 rifle, bearing serial number LE514004, from FFL SS, which statements were intended and likely to deceive SS, as to a fact material to the lawfulness of the sale under chapter 44 of Title 18, in that JOSE SERAFIN-PEREZ, aided and abetted by JAIME GAXIOLA, JR., AKA "PEPE EL TORO," represented that he was the true purchaser of said firearms, when in truth and in fact, he was buying the firearm on behalf of others.

32.    In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

//

//

- 7 -

## COUNTS 6-10

33.    The allegations in Introduction paragraph 7 are incorporated as though fully set forth herein.

34.    On or about the dates set forth in each count below, in the District of Arizona, JAIME GAXIOLA, JR., AKA "PEPE EL TORO," knowingly made false statements and representations on ATF Form 4473, in connection with the purchase or attempted purchase of the firearms listed in each count below, from the FFLs listed in each count below, which statements were intended and likely to deceive the FFLs, as to a fact material to the lawfulness of such sale of the listed firearms under chapter 44 of Title 18, in that JAIME GAXIOLA, JR., AKA "PEPE EL TORO," represented that he was the true purchaser of said firearms, when in truth and in fact, he was buying the firearms on behalf of others.

| Count | Date | FFL | Firearm(s) |
|-------|------|-----|------------|
| 6 | November 29, 2017 | JAJ | Colt .223/5.56 Serial Number LE601595 |
| 7 | November 30, 2017 | JAJ | Colt .223/5.56  Serial Number LE515719 |
| 8 | November 30, 2017 | SS | Century Arms AK-47 Serial Number DB-5194-17 |
| 9 | January 9, 2018 | JAJ | Colt M4 Serial Number LE558522 |
| 10 | January 9, 2018 | SS | Colt M4 Serial Number LE517943 |

35.    In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## FORFEITURE ALLEGATIONS

36.    The Grand Jury realleges and incorporates the allegations of Counts 1 through 10 of this Indictment, which are incorporated by reference as though fully set forth herein.

37.    Pursuant to Title 18 United States Code, Sections 924(d) and 981, Title 21,

- 8 -

United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 10 of this Indictment, the defendant(s) shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

38.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence,

(b) has been transferred or sold to, or deposited with, a third party,

(c) has been placed beyond the jurisdiction of the court,

(d) has been substantially diminished in value, or

(e) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

39.    All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, Title 28, United States Code, Section

//

//

//

//

//

///

- 9 -

2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S/_____
FOREPERSON OF THE GRAND JURY
Date: September 6, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona


/S/_____
GLENN B. McCORMICK
ALANNA R. KENNEDY
Assistant U.S. Attorneys

- 10 -