THE WALLIN LAW FIRM, PLLC
D. Stephen Wallin, Attorney at Law
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300
Fax: 602-254-2515
steve@stevewallin.com
State Bar No. 014289
Attorney for Defendant JAIME GAXIOLA, JR.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 2:22-CR-01145-DJH-001 |
| Plaintiff, | |
| vs. | **DEFENDANT GAXIOLA'S SENTENCING MEMORANDUM** |
| Jaime Gaxiola, Jr., et al., | |
| Defendants. | *Hon. Diane J. Humetewa* |

COMES NOW Defendant JAIME GAXIOLA, JR., by and through Defense counsel undersigned, and submits his sentencing memorandum. In summary, he asks the Court to accept the plea agreement and impose a sentence consistent therewith. Assuming the Court accepts the Guidelines calculation contained in the presentence report, this would at a minimum require the Court to vary downward two levels and sentence Mr. Gaxiola at the low end of the resulting range. Mr. Gaxiola recommends a further downward variance to 24 months. Either way, Mr. Gaxiola believes there are several bases upon which such a variance can be justified.

18 U.S.C. 3553(a)(6) requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Mr. Gaxiola, of course, has

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
www.thewallinlawfirm.com

no record at all.  PSR, Part B.  There are several recently-sentenced defendants whom this Court should consider in this respect.[1]

▸ *United States v. Arnold J. Cervantes, et al.*, 2:22-CR-00259-DLR-001 (Arnold J. Cervantes).  Mr. Cervantes was recently sentenced to seven months.  The case was similar to this one, although it involved fewer firearms.  Mr. Cervantes received a significant downward variance from both the guidelines range 57-60 months), and the cap under the plea agreement (36 months).

▸ *United States v. Arnold J. Cervantes, et al.*, 2:22-CR-00259-DLR-003 (Carlos Armando Valencia-Arellano).  Mr. Valencia-Arellano was sentenced to probation (36 months).  The case was similar to this one, although it involved fewer firearms.  The guidelines range was 51-60 months, so this represented a substantial downward variance.

▸ *United States v. Noel L. Angulo-Rivera*, 2:22-CR-01701-MTL-001.  This was a related case (PSR, p. 2).  Mr. Angulo-Rivera's guidelines range was 18-24 months.  The PSR recommended a downward variance; he was sentenced to probation (48 months).

▸ *United States v. Isai Sandoval-Rivera*, 2:22-CR-01143-DJH-001.  This was also a related case.  Mr. Sandoval-Rivera was sentenced by this Court to 18 months imprisonment, representing a substantial downward variance.

▸ *United States v. Ulysses Estrada, et al.*, 2:22-CR-01049-DJH-001.  This was also a related case.  Mr. Estrada was sentenced by this

---

[1] *United States v. Ulysses Estrada, et al.*, 2:22-CR-01049-DJH-001 (Christian Machado), a related case, was scheduled for sentencing on March 19, 2024.  Mr. Gaxiola delayed filing this memorandum in order to include the results.  However, the Court continued  Mr. Machado's sentencing.

Court to 16 months imprisonment, representing a substantial downward variance from the advisory guidelines range of 51-63 months.

Mr. Gaxiola maintains that while one may argue that his conduct was more serious than that of the individuals above, his conduct is not sufficiently more serious to justify any sentence greater than 24 months, and certainly not greater than the 33 month cap contained in the plea agreement, even if that requires a downward variance. This conclusion is buttressed by the fact that the above defendants all received significant downward variances; such variances seem to be granted on a fairly regular basis in cases of this type.

In addition, as the Government's sentencing memorandum pointed out (pp. 11-12), Mr. Gaxiola "did not hide his involvement when questioned and readily provided inculpatory information about others who were involved in the conspiracy."

Also of note is Mr. Gaxiola's utter lack of criminal record. Indeed, as the Government's sentencing memorandum pointed out (p. 11), Mr. Gaxiola did not engage in any other criminal activity during the years-long period between being questioned by agents in January 2018 and his ultimate arrest in this case in September 2022. Nor did he attempt to flee. Although the significance of this is reduced somewhat by the fact of his cocaine addiction, it is nevertheless important; it shows that he lacks a general commitment to criminality, that the current offense was motivated by the need to finance his addiction, and that the likelihood of further criminal activity is negligible once he gets his cocaine addiction under control. Thus 18 U.S.C. 3553(a)(2)(C), "the need...to protect the public from further crimes of the defendant," is satisfied by a below-guidelines sentence, and is an additional grounds for downward variance.

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
www.thewallinlawfirm.com

Further, regarding Mr. Gaxiola's recovery, this Court is well aware that §3553 (a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment, or medical care in the most effective manner. As this Court also knows, "the sole objective of § 3553(a)(2)(D) is not punishment, but the defendant's rehabilitation." *United States v. Autery*, 555 F.3d 864, 877 (9th Cir. 2009). *Cf. United States v. Tapia-Romero*, 523 F.3d 1125, 1126 n. 2 (9th Cir. 2008), noting that 18 U.S.C. § 3582(a) requires the sentencing court to recognize that "imprisonment is not an appropriate means of promoting correction and rehabilitation." Thus, to the extent this Court is concerned with promoting Mr. Gaxiola's recovery, that is itself a justification for a downward variance.

**CONCLUSION**

For the above reasons, Mr. Gaxiola requests a sentence of 24 months.

RESPECTFULLY SUBMITTED March 4, 2024.

THE WALLIN LAW FIRM, PLLC

s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Counsel for Defendant JAIME GAXIOLA, JR.

*Certificate of Service*

I hereby certify that on the above date, I electronically transmitted the foregoing **DEFENDANT GAXIOLA'S SENTENCING MEMORANDUM**, along with any exhibits and a proposed order, to the Clerk of Court, District of Arizona, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants.

I hereby certify that on the above date, I electronically transmitted the foregoing **DEFENDANT GAXIOLA'S SENTENCING MEMORANDUM**, along with any exhibits and a proposed order, via email to:

**Hon. Diane J. Humetewa**
**United States District Judge**

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*

THE WALLIN LAW FIRM, PLLC


 s/ *D. Stephen Wallin*
D. Stephen Wallin, Attorney at Law
Counsel for Defendant JAIME GAXIOLA, JR.

THE WALLIN LAW FIRM, PLLC
1641 East Osborn Road, Suite 8
Phoenix, AZ 85016
Phone: 602-254-2300; Fax: 602-254-2515
steve@stevewallin.com
*www.thewallinlawfirm.com*